OCASIO GONZÁLEZ & CO., LTD., Petitioners, v. DISTRICT COURT OF SAN JUAN, DOMINGO SEPULVEDA, J., Respondent.

No. 609.   Argued March 26, 1928.—Decided April 17, 1928.

*Miguel García Méndez* for the petitioners.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is a certiorari proceeding brought in the name of Ocasio González & Co., Ltd., to revoke an order of the District Court of San Juan with respect to a bond furnished by the petitioners in an intervention proceeding.

In an action brought in the District Court of San Juan by Agustín Hernández Mena against Alfonso Ocasio the plaintiff, in order to secure the effectiveness of the judgment, attached, among other property, certain merchandise consisting of shoes and clothing of the establishment of Ocasio González & Co., Ltd., as appears from the return on the attachment dated December 22, 1927.

Ocasio González & Co., Ltd., presented an affidavit to the marshal of the District Court of San Juan in compliance with the provisions of the Act establishing intervention pro-

ceedings in relation to personal property of March 14, 1907, together with a bond drafted in the form prescribed by section 6 of that Act. That bond was challenged by the plaintiff and the court ruled that the bond was void because section 355 of the Code of Civil Procedure as amended on May 12, 1908, requires an affidavit from the sureties showing that they are residents and householders in Porto Rico and worth the sums specified in the undertaking over and above their liabilities. The court held that as amended section 355 had been approved subsequently to the Intervention Act of March 14, 1907, and the latter Act is incorporated in the Code of Civil Procedure, the bond as given was void. And from that ruling of February 27, 1928, this certiorari proceeding was taken.

We do not accept the theory of the District Court of San Juan that the Intervention Act is incorporated in the Code of Civil Procedure and is a part thereof. It is true that it appears in the printed volume of the Revised Statutes of Porto Rico within the Code of Civil Procedure; but we fail to find any legal authority on which that was done. If it is true that there was authority for the compilation, it is not true that such authority carried with it that of merging into one two statutes whose precepts might be different. The form of undertaking authorized by the law on intervention is far from being a model; but it is the law and as such it must be accepted.

Section 355 of the Code of Civil Procedure specifies the requisites of undertakings in all cases in which, *as provided by that Code* (italics ours), personal security should be furnished. But if the law on intervention is not a part of the Code, the special form of undertaking therein contained is sufficient for the purpose of that law.

The order is set aside and the undertaking furnished by the intervenor is held to be sufficient for its purpose.